UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE THE APPLICATION OF
LUZ GONZÁLEZ,

     Plaintiff/Petitioner,

v.

JENNIFER LYNN SOLIN

     Defendant/Respondent.
_____/

CASE NO: 8:22-cv-1091

**VERIFIED COMPLAINT AND
PETITION FOR RETURN OF THE CHILDREN**

Plaintiff and petitioner Luz González respectfully shows this Court as follows:

**I. INTRODUCTION**

1. This action is brought by Ms. Luz González ("Ms. González" or "Petitioner"), a citizen of Colombia, to secure the return of her child: S.G.S., age nine, ("Child"), who was, without Petitioner's consent or acquiescence, wrongfully removed from Colombia and brought to the Middle District of Florida by the Children's mother, Defendant/Respondent Jennifer Lee Solin (Ms. Solin or "Respondent").

2. This Petition is filed pursuant to the Convention on the Civil Aspects of International Child Abductions (the "Hague Convention" or the "Convention")[1] and the International Child Abduction Remedies Act ("ICARA").[2] A copy of the Hague Convention is attached hereto as Exhibit A. The Hague Convention came into effect in the United States of American on July 1, 1988, and has been ratified between, among other Contracting States, the United States and Canada.

3. The objects of the Hague Convention are:

> Article 1(a): To secure the prompt return of children wrongfully Removed to or retained in any Contracting State; and
> Article 1(b): To ensure that rights of custody and of access under the Law of one Contracting State are effectively respected in other Contracting States

(The Convention)

4. The Hague Convention authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child; it does not, however, permit the district court to consider the merits of any underlying custody dispute.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 22 U.S.C. § 9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (Federal

---

[1] Oct. 25, 1980, T.I.A.S. No. 11,670 at 1,22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg 10494 (1986).
[2] 22 U.S.C. §§ 9001-9008 (2022).

Question Jurisdiction). Venue is proper because, upon information and belief, the Children and Respondent are residing with the Respondent at 22410 Chenoak Road, Brooksville, Florida 34602-6112, in the Tampa Division of the Middle District of Florida.

### III. STATEMENT OF FACTS

6.    As noted above, Petitioner and Respondent are the parents of the Child. Petitioner and Respondent married in 2008 in Worchester, Massachusetts. Exhibit B, Separation Agreement, ¶ 1. Prior to the Respondent's wrongful removal of the Child on or about December 16, 2021, they lived separately with their child in Colombia.

7.    In 2013, Ms. Solin gave birth to the Child in Massachusetts. Ex. B, ¶ 2.

8.    The family moved as a unit to Colombia in 2014 where they intended to reside indefinitely.

9.    Mmes. Solin and González divorced in 2016 under Massachusetts law. Ex. B. Since then they have proceeded with custody arrangements solely within Colombian jurisdiction. *See* Exhibit C, Colombian Family Court Order.

9.    Until the date of separation between Mmes. Solin and Ms. González, as detailed below, they and the Child lived together in their familial residences in Medellín, Colombia. In total, the family lived together in Medellín for two years

but have resided separately in Colombia until Ms. Solin's unlawful removal of the Child in December, 2021 for a total of over five years.

10. From their divorce in 2016 until Ms. Solin's removal of the Child in December 2021, Ms. Solin engaged in training to pursue employment, entered into romantic relationships, moved several places within Colombia and engaged extensively with the Colombian legal system to establish her parental rights. *See* Ex. C & Exhibit D, Colombian Birth Registry. During this period, she enrolled the Child in Colombian schools. *See e.g.,* Exhibit E, Cumulative Report Card. The parents registered the Child for Colombian citizenship. Ex. D. The Child was effectively raised as Colombian.

11. Initially after their divorce, Mmes. Solin and González followed a custody plan they determined and filed with the Massachusetts court, without involving the Colombian court system. Ex. B, Addendum B. This system was the only element of Massachusetts law followed by the couple. This agreement was replaced with parental arrangements made under Colombian law in 2019 and 2021. This informal system broke down after an incident where Ms. Solin's paramour tickled the Child to the extent of bruising her. Ex. C, p 27-29. Ms. González then involved the Colombian state to ensure the child's well-being, which alienated Ms. Solin and began a pattern of mistrust and deception.

4

12. During this period, and until a court mandated visitation schedule was arranged in 2021, the Child would alternate between the residences of her mothers. Because Ms. Solin changed residences and living situations often, this arrangement became untenable and the Colombian family court arranged a formal parenting plan in April 2021. Ex. C. In the months to follow, Ms. Solin would further use her changes of residence and travel to deprive Ms. González of access to and visitation with the Child.

13. The parenting plan of April 2021 gave primary residence to Ms. Solin but granted Ms. González extensive visitation rights, acknowledging that both parents fully shared in *patria potestad*, or the Colombian equivalent of joint custody. Ex. C.

14. As part of the April 2021 court ruling, Ms. González gave permission for Ms. Solin to travel outside of the country with the Child. Exhibit F, Travel Permit. Ms. Solin did travel the next month, returning later in the summer. *See* Exhibit G, Monitoring Verification of Rights.

15. Despite this parenting plan, which ordered both parents into counseling in addition to granting Ms. González guaranteed rights of visitation, only Ms. González fully fulfilled her obligations. Ms. Solin instead frustrated Ms. González's visitation rights and never attended the court mandated parental counseling. *See e.g.* Exhibit G, Monitoring Report.

16.     Ms. Solin continued to attempt to use the Colombian legal system to deprive Ms. González of her rights regardless of her lack of attention to the requirements of the parenting order. In October of 2021, the Colombian family court held a hearing investigating certain accusations of mistreatment of the Child by Ms. González leveled by Ms. Solin. *See* Exhibit H, Request for Provisional Protection Measures. The court ultimately dismissed these concerns and maintained Ms. González's parenting rights undisturbed. *Id*, 7-8. The court determined that Ms. Solin raised unsubstantiated allegations that had already been investigated and dismissed. *Id*, 4.

17.     During this time, beginning in August 2021, Ms. Solin isolated the Child from Ms. González and abused her primary custody rights to deprive Ms. González of contact with the child in violation of the parenting order. Ms. González effectively has had no contact with the child from this date.

18.     Becoming concerned at the lack of communication and Ms. Solin's refusal to obey the October and April orders, Ms. González revoked the right of Ms. Solin to take the Child from Colombia. *See* Exhibit I, Affidavit of Revocation.

19.     After having received notice of this revocation, Ms. Solin took the Child and left Colombia, travelling to her home in the Middle District of Florida in the United States where she has remained to this day.

20.     Her presence in Florida has resulted in her non-appearance at Colombian judicial proceedings to determine parental rights over the Child. E-mails and a letter from a therapist attempting to excuse her from said court hearings demonstrate that Ms. Solin is aware of these hearings and her obligation to attend them but remains purposefully removed, aloof and defiant towards them and continuing her pattern of false allegations against Ms. González. Exhibit J, Social Worker's Letter. In response to Ms. Solin's intransigence and manipulation of the Columbian family court system, the Colombian family courts in early May admonished her and once against recognized Ms. González's custody rights. Exhibit K, Colombian Family Court Decision, April 25, 2022, pp. 12-14.

### IV. WRONGFUL REMOVAL AND RETENYION OF CHILDREN BY RESPONDENT: CLAIM FOR RELIEF UNDER THE HAGUE CONVENTION

21.     As set forth above, on or about December 16, 2021, Respondent removed the Child from Colombia, removing them from that country within the meaning of Article 3 of the Convention. Respondent continues to wrongfully retain the Children in the state of Florida, United States in violation of Article 3 and despite Petitioner's efforts to have the Children returned to Colombia.

22.     Petitioner actively revoked the right of Ms. Solin to remove the Child from Colombia and the Child's removal occurred over her communicating such intention, therefore Respondent never acquiesced to removal.

23. Respondent's removal and retention of the Children is wrongful within the meaning of Article 3 of the Convention because:

    (a) It is in violation of Petitioner's rights of custody as established by the order of the Columbian family court, Ex. C, and Colombian Law. Civil Code Articles 256, 257, 288, 307, 262 & 264; Law 1098 of 2006, Childhood and Adolescence Code, 14 & 110, a copy of the translation of which is attached as Exhibit K;

    (b) At the time of the Children's removal from Colombia, Petitioner was actually exercising her rights of custody, or if she was not such failure was due to interference on the part of Ms. Solin, within the meaning of Articles 3 and 5 of the Convention, and but for Respondent's removal and retention of the Child, Petitioner would have continued to exercise those rights; and

    (c) The Child was habitually resident with Petitioner in Colombia within the meaning of Article 3 of the Convention immediately before their removal and retention by Respondent.

24. Respondent is present wrongfully retaining the Child in the State of Florida, Hernando County.

25. Upon information and belief, Respondent is keeping the Child at her parents' residence, 22410 Chenoak Rd, Brooksville, Fl 34602-6112.

26. The Child is now nine years old. The Hague Convention applies to children under sixteen (16 years of age and thus applies to both Children).

27. This petition is filed less than one year from Respondent's wrongful removal of the Child. Petitioner has never consented or acquiesced to Respondent's wrongful retention of the Child.

## V. PROVISIONAL REMEDIES
(22 U.S.C. § 9004 & Hague Convention, Article 16)

28. Petitioner requests that this Court take Ms. Solin and the Child's passports into its custody and restrict their movements to the Middle District of Florida considering Ms. Solin's habit of relocation and flight. Petitioner also asks that this Court schedule an expedited hearing on the merits of this Petition.

## VI. ATTORNEY FEES AND COSTS
(22 U.S.C. § 9007)

29. To date, Petitioner has incurred attorneys' fees and costs as a result of the wrongful retention of the Children by Respondent.

30. Petitioner respectfully requests that this Court award her all costs and fees, including transportation costs, incurred to date as required by 22 U.S.C. § 9007.

## VII. NOTICE OF HEARING
(22 U.S.C. § 9003(c))

31. Pursuant to 22 U.S.C § 9003(c), Respondent shall be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings.

## VIII. RELIEF REQUESTED

WHEREFORE, Petitioner Luz González prays for the following relief:

(a) An immediate temporary restraining order prohibiting the removal of the Children from the jurisdiction of this Court and surrender of all travel

9

documents pending a hearing on the merits of this Verified Complaint, and further providing that no person acting in concert or participating with Respondent shall take any action to remove the Children from the jurisdiction of this Court pending a determination on the merits of the Verified Complaint;

(b) The scheduling of an expedited preliminary injunction hearing on the merits of the Verified Complaint; an order that Respondent show cause at this hearing why the Children should not be returned to Colombia, and why such other relief requested in the Verified Complaint should not be granted; and, pursuant to the Federal Rule of Civil Procedure 65, an order that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Complaint

(c) A final judgment in Petitioner's favor establishing that the Children shall be returned to Colombia, where an appropriate custody determination can be made by a Colombian Court under Colombian law;

(d) An order requiring that Respondent pay Petitioner's expenses and costs, including transportation costs, under 22 U.S.C. § 9007, such expenses and costs to be resolved via post-judgment motion, consistent with the procedure outlines under Local Rule 7.01 of this Court; and

(e) For any such further relief as may be just and appropriate under the circumstances of this case.

Respectfully submitted this 10th day of May, 2022.

PARRISH LAW, P.A.

/s/ Jeffrey Bristol
Paul E. Parrish, Esq.
Florida Bar No.:  373117
Jeffrey P. Bristol, Esq.
Florida Bar No.: 1220461
1290 Highway A1A, Ste. 101
Satellite Beach, FL 32937
400 N. Ashley Street, Ste. 1900
Tampa, FL 33602
Telephone: (321) 622-4882
Facsimile: (813) 7132-8780
Email:
paul.parrish@theparrishlaw.com
jeffrey.bristol@theparrishlaw.com
nichole.perez@theparrishlaw.com
nancy.winn@theparrishlaw.com