UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUZ GONZALEZ,

    Plaintiff,

v.                                Case No: 8:22-cv-1091-CEH-JSS

JENNIFER LYNN SOLIN,

    Defendant.
_____

## ORDER

This cause is before the Court on the Verified Complaint and Petition for Return of Child, filed on May 26, 2022 ("Petition") (Doc. 8), Petitioner's Motion Under the Hague Convention for Entry of a Temporary Restraining Order (Doc. 9), and Petitioner's Brief in Support of the Motion for Temporary Restraining Order (Doc. 10).

Petitioner Luz González has filed the Petition pursuant to the Convention on the Civil Aspects of International Child Abduction ("Hague Convention") and the International Child Abduction Remedies Act, 22 U.S.C. § 9001 *et seq*.  In her Motion, she seeks, *inter alia*, temporary injunctive relief to prohibit the removal of the Child from the jurisdiction of the Court pending a hearing on the merits of the Verified Complaint.

I. **FACTUAL BACKGROUND**[1]

Petitioner and Respondent are the parents of one child, S.G.S., age nine (Doc. 8 ¶¶1, 6). The child was born in the United States in 2013. *Id.* at ¶7. In 2014, the parents and child moved as a unit to Colombia. *Id.* at ¶8. The parents divorced in 2016 but continued to reside, separately, in Colombia. *Id.* at ¶9. Custody and visitation of S.G.S. was initially determined by a custody plan implemented by the United States court that had adjudicated their divorce. *Id.* at ¶11. Since 2019, a family court in Colombia has issued custody orders and parenting plans that have governed Petitioner's and Respondent's parental rights. *Id.* A parenting plan issued in April 2021 assigned primary residence to Respondent Jennifer Solin, while Petitioner Luz Gonzalez retained visitation rights. *Id.* at ¶¶12-13. This order was renewed in April 2022. *Id.* at ¶20. Despite these orders, Petitioner states that she has not been permitted to have contact or visitation with the child since August 2021. *Id.* at ¶17.

In December 2021, Respondent traveled with the child to the United States and has not returned. *Id.* at ¶19. Petitioner believes Respondent and the child are residing within the Middle District of Florida. *Id.* at ¶¶19, 28, 38. Respondent has not complied with subsequent orders of the Colombian family court. *Id.* at ¶20.

Petitioner filed a Complaint and Petition for Return of the Child pursuant to the Hague Convention on May 10, 2022 (Doc. 1). On May 16, 2022, the Court dismissed the Complaint without prejudice due to the lack of verification and the failure to satisfy

---

[1] The Background is based on the facts as alleged in the Petition, including the attached exhibits.

2

the requirements of federal and state law (Docs. 6, 7). Petitioner filed an amended Complaint and Petition for Return of the Child that cured these defects on May 26, 2022 (Doc. 8). Petitioner also filed a Motion for Temporary Restraining Order and supporting brief (Docs. 9, 10).

## II.     LEGAL STANDARD

The Hague Convention, as implemented by the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.*, authorizes a federal court to determine the merits of a claim for the wrongful removal of a child from a participating country and wrongful retention of the child in the United States. 22 U.S.C. § 9003. A petition brought under the Hague Convention must establish by a preponderance of the evidence that the child has been wrongfully removed or retained, and that the petitioner has rights of custody. *Id.*; 22 U.S.C. § 9002(7). Once a petition has been filed, the Court is empowered to "take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004(a).

Federal Rule of Civil Procedure 65(b)(1) authorizes the court to issue a temporary restraining order where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." A temporary restraining order "is an extraordinary remedy

to be granted only under exceptional circumstances." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) (citing *Sampson v. Murray*, 415 U.S. 61 (1974)).

Local Rule 6.01(a), Middle District of Florida, requires that a motion for a temporary restraining order include a precise and verified description of the conduct and the persons subject to restrain and explanation of the amount and form of the required security. *See* M.D. Fla. L.R.6.01(a). The motion must be accompanied by a proposed order and a legal memorandum that establishes the following:

- (1) the likelihood that the movant ultimately will prevail on the merits of the claim,

- (2) the irreparable nature of the threatened injury and the reason that notice is impractical,

- (3) the harm that might result absent a restraining order, and

- (4) the nature and extent of any public interest affected.

*Id.* at 6.01(b); *see also Dimare Ruskin, Inc. v. Del Campo Fresh, Inc.*, No. 8:10-cv-1332-SDM-AEP, 2010 WL 2465158, at *1 (M.D. Fla. June 15, 2010) (citing *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003)).

### III. DISCUSSION

In her Motion Under the Hague Convention for Entry of a Temporary Restraining Order (Doc. 9), Petitioner seeks the following relief:

- (a) An immediate temporary restraining order prohibiting the removal of the Child from the jurisdiction of this Court pending a hearing on the merits of the Petition;

- (b) An order "requiring Respondent to allow communication and potentially visitation between Petitioner and Child in accordance with her rights under Colombian law;" and

> (c) The scheduling of an expedited, consolidated hearing on the temporary restraining order and the merits of the Petition.

Doc. 9 at 2-3.

The Court will first consider the relief requested in (a) and (c). In support of these requests, and in accordance with Local Rule 6.01(a)(4), Petitioner has filed a brief arguing that injunctive relief is necessary to prevent irreparable harm (Doc. 10). Although Petitioner analyzes the standard that is applicable to a request for a preliminary injunction under Federal Rule of Civil Procedure 65(a), which requires notice to Respondent, the Court understands Petitioner to be requesting an *ex parte* temporary restraining order under Rule 65(b). The Court will therefore review the request in accordance with Rule 65(b) and Local Rule 6.01(b).

Petitioner first asserts that there is a substantial likelihood of success on the merits (Doc. 10 at 5). To be entitled to relief under the Hague Convention, a petitioner must establish that the removal or retention was in breach of petitioner's custody rights in the country in which the child was a habitual resident prior to removal; that petitioner was exercising or attempting to exercise those rights of custody at the time of the removal; that the child is less than 16 years old; and that the child has not been in the United States for more than one year. *See* 28 U.S.C. §§ 9002, 9003(e)(1); *Seaman v. Peterson*, 766 F.3d 1252, 1257 (11th Cir. 2014). Here, the Court finds that Petitioner has provided evidence to support all of these requirements. Petitioner has provided various documents from the Colombian family court establishing that S.G.S. was a habitual resident of Colombia and that she is less than 16 years old. The documents

further establish that Petitioner has custody rights over S.G.S. *See* Doc. 8-13 (April 2022 custody order awarding Petitioner regular visitation). The family court documents also support Petitioner's verified assertions that she was attempting to assert those custody rights at the time of the child's removal. *Id.* (showing Petitioner's ongoing participation in family court proceedings throughout the fall of 2021). Finally, the Petition also contains evidence that S.G.S. was removed less than one year ago. *Id.* (documenting Respondent's departure date of December 17, 2021). As such, Petitioner has established a likelihood of success on the merits.

      The Court next considers whether *ex parte* relief is necessary because notice is impractical. Petitioner asserts that "there is obviously a risk that Respondent will further hide the Child and herself when she learns that Petitioner is seeking the return of her Child to Colombia through the United States court system," because Respondent has already wrongfully removed the child (Doc. 10 at 8). Petitioner further argues that it may be "difficult, if not impossible" to locate Respondent again if she does so, creating a risk of irreparable harm. *Id.* The Court agrees. The Hague Convention and ICARA authorize the Court to take interim measures to "prevent the child's further removal or concealment before the final disposition of the petition." *See* 22 U.S.C. § 9004(a). The Colombian family court documents indicate that Respondent has failed to comply with that court's orders. *See* Doc. 8-13 at 28. This Court, therefore, finds that notice is impractical and the requested *ex parte* relief is necessary to prevent an imminent risk of irreparable harm.

6

Further, the threatened injury outweighs the harm that the injunctive relief would inflict on Respondent (Doc. 10 at 9). Issuing a temporary restraining order that prohibits Respondent and S.G.S. from leaving the jurisdiction merely maintains the status quo, as Respondent already resides in the Middle District of Florida. Similarly, Petitioner has also demonstrated that the relief, which is expressly authorized by the Hague Convention, is not against the public interest (Doc. 10 at 10). Petitioner's request for a temporary restraining order prohibiting Respondent from removing the child from the jurisdiction until the Petition is resolved and scheduling the matter for an expedited hearing therefore satisfies the requirements of Rule 65(b) and Local Rule 6.01(b) and is due to be granted.[2]

Petitioner's Motion for a Temporary Restraining Order also requests immediate injunctive relief regarding custody and visitation (Doc. 9 at 2, *see* (b)). This request is unmentioned by the Petition or the Brief in Support of Motion for a Temporary Restraining Order, and is unaccompanied by a supporting memorandum of law. *See* Local Rule 6.01. In any event, the Court finds that this request requires notice to Respondent and is a matter to be raised at a hearing with all parties present. It is therefore denied, without prejudice.

---

[2] Although Petitioner did not address the amount and form of the required security pursuant to Federal Rule 65(c) and Local Rule 6.01(a)(3), the Court finds that security is unnecessary, for now, because the record does not contain any evidence that Respondent will suffer costs or damages from the entry of this Temporary Restraining Order.

Accordingly, it is **ORDERED**:

1. Petitioner's request for temporary injunctive relief is **GRANTED IN PART AND DENIED IN PART**.

2. Petitioner's request for an order prohibiting the removal of the child from the jurisdiction of this Court pending a hearing on the merits of the Petition, and scheduling an expedited hearing on the merits of the Petition is **GRANTED**.

3. Pending a hearing, Respondent, and all those acting in concert or participation with her, be and hereby are **PROHIBITED** from:

    a. Taking any action, or aiding and abetting others to take any action, to remove the child, S.G.S., from the jurisdiction of this Court absent permission of this Court during the pendency of this litigation;

    b. Leaving the jurisdiction of this Court, herself, during the pendency of this litigation;

    c. Removing, moving, destroying or otherwise disposing of in any manner travel documents which may be required to return S.G.S. to her habitual residence.

4. The United States Marshals Service for the Middle District of Florida is hereby **DIRECTED** to serve the Respondent with the Petition, the Motion for Temporary Restraining Order, and this Order wherever Respondent may

8

be found, including Respondent's believed address: 22410 Chenoak Rd., Brooksville, FL 34602-6122.

5. Respondent is **DIRECTED** to, and **SHALL**, upon service of this Order, tender to the United States Marshals Service all travel documents for S.G.S., including, but not limited to, passports, birth certificates, travel visas, social security cards or similar documents that may be used to secure duplicate passports, that are in Respondent's possession, custody, or control, or to which she otherwise has access to. The United States Marshals Service is hereby **DIRECTED** to transfer all such documents for S.G.S. to this Court, which this Court will retain until final resolution of this case on the merits.

    a. To execute this Order, the United States Marshals Service is authorized to enlist the assistance of other law enforcement authorities, including federal, state, or local law enforcement officers to assist them within the State of Florida.

    b. The United States Marshals or other law enforcement officer(s) conducting the above-described seizure are to employ whatever reasonable force is necessary to locate and enter the residence of Respondent and to search and to inspect the contents of the premises for travel documents located on such premises.

6. Respondent is **DIRECTED** to forthwith give notice of correct work and residential addresses and all telephone numbers where Respondent and S.G.S. may be located and the addresses of all locations where any travel

documents and related records are located to the United States Marshals, other law enforcement officers, and the attorneys or agents of Petitioner.

7. The Court's Order shall be effective wherever Respondent or the child are located, regardless of whether they are located within this Court's jurisdiction.

8. A hearing as to whether the Temporary Restraining Order granted herein should be converted into a preliminary injunction pending resolution of the merits of the Petition will be held **on June 24, 2022 at 2:30 p.m.**, at the Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Tampa, FL 33602, Courtroom 13A.  Attendance of all parties to this case is mandatory.

9.  The Court finds that, for now, security under Federal Rule of Civil Procedure 65(c) is unnecessary because the record does not contain any evidence that Respondent will suffer costs or damages from the entry of this Temporary Restraining Order.

10. This Temporary Restraining Order is not a decision on the ultimate merits of this dispute and is without prejudice to the rights, claims, or defenses of any party hereto.

11. Petitioner's request for an order "requiring Respondent to allow communication and potentially visitation between Petitioner and Child in accordance with her rights under Colombian law" is **DENIED without prejudice**.  This request can be re-visited at the preliminary injunction hearing.

**DONE** and **ORDERED** in Tampa, Florida on June 3, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
US Marshal