**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LUZ GONZALEZ,

    Plaintiff,

v.                                             Case No: 8:22-cv-1091-CEH-JSS

JENNIFER LYNN SOLIN,

    Defendant.
_____/

### ORDER

This cause comes before the Court on Petitioner Luz Gonzalez's Verified Motion for Stay of Hague Convention Proceedings (Doc. 23), filed in response to the Court's Order to Show Cause, dated November 29, 2022 (Doc. 22).  The Court's Order directed Petitioner to provide the status of her attempts to serve Respondent and show cause as to why the action should not be dismissed without prejudice. *Id.*  In her motion, Petition provides a status update and asks the Court to stay the action for 30 days so that she can obtain new counsel, file an amended petition, and complete her efforts to locate and serve Respondent. Doc. 23.

Having considered the motion and being fully advised in its premises, the Court will grant the Verified Motion for Stay of Hague Convention Proceedings.

### DISCUSSION

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  District courts have "inherent power not governed by rule

or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Castle v. Appalachian Technical College*, 430 Fed. App'x 840, 841 (11th Cir. 2011) (internal quotations omitted), citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Moreover, Federal Rule of Civil Procedure 4(m) requires a court to extend the time for service for an appropriate period when a plaintiff shows good cause for its failure to effectuate service within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). Good cause exists when some outside factor, rather than the plaintiff's inadvertence or negligence, prevented service. *Lepone-Dempsey v. Carroll Cnty. Commissioners*, 476 F.3d 1277, 1281 (11th Cir. 2007).

Here, the Court concludes that Petitioner has established good cause for her inability to serve Respondent within 90 days. In her motion, she describes the exhaustive efforts she has made to locate and serve Respondent, who was apparently located in another state for a period of months before returning to Florida. Doc. 23 at 2-6. An attorney who was in communication with both Respondent and Petitioner's counsel indicates that Respondent is aware of the instant proceedings but has declined to reveal her location. *Id.* at 4-5. Nonetheless, Petitioner explains that a private investigator she retained will likely be able to effectuate service in the coming days or weeks. *Id.* at 6. The Court finds that Petitioner's failure to serve Respondent is the result of outside factors rather than any negligence on Petitioner's part, and therefore constitutes good cause.

Further, a brief stay of this action is appropriate pursuant to the Hague Convention. As described in the Court's Order to Show Cause, proceedings under the Hague Convention must occur expeditiously because of the time-sensitive nature of alleged child abductions. Doc. 22 at 3. However, the Convention authorizes courts to stay a petition where they have reason to believe the child has been taken to another jurisdiction. *See* Hague Convention, Art. 12.[1] The Court finds that such a stay is warranted here, as much of the delay was occasioned by Respondent's apparent departure from this jurisdiction with the child. Petitioner has indicated she is now on the verge of locating Respondent. Before the action can proceed, however, she intends to obtain new counsel because her current attorney is serving for the military overseas and can no longer continue as her counsel. *See* Doc. 24. She has also explained that she intends to file a Second Amended Petition in the near future, either with or without counsel. Doc. 23 at 7, 11. A brief stay would facilitate Petitioner's ability to undertake these actions. Her motion to stay is therefore due to be granted.

---

[1] Although the Convention uses the term "State" to indicate a nation, rather than a state of the United States, *see* Doc. 22 at 4 n.1; *cf.* Doc. 23 at 9, the Court finds that the provision authorizing stays is intended to address the issue of a child being removed from the court's jurisdiction, whether or not it is within the same country. This interpretation is consistent with the Convention's purposes of securing the prompt return of children wrongfully removed to or retained in contracting nations, and ensuring that custody rights under the law of one contracting nation are respected in the others. *See* Convention, Art. 1. Here, Petitioner alleges that Respondent has knowingly attempted to evade this Court's jurisdiction in order to wrongfully retain the child, in contravention of the custody and visitation orders of Colombian courts. The Court finds that these allegations fall squarely within the Hague Convention's intent.

Accordingly, it is **ORDERED**:

1. Petitioner Luz Gonzalez's Verified Motion for Stay of Hague Convention Proceedings (Doc. 23) is **GRANTED**.

2. This case is **STAYED** for a period of 30 days following the entry of an Order on Petitioner's Motion for Jeffrey P. Bristol to Withdraw as Attorney (Doc. 24). At that time, the Clerk is directed to terminate all pending motions and deadlines and administratively close this file. At any time, any party may move to lift the stay and reopen this action.

3. The Order to Show Cause (Doc. 22) is **DISCHARGED**.

**DONE** and **ORDERED** in Tampa, Florida on December 13, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties