UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUZ GONZALEZ,

    Plaintiff/Petitioner,

v.                                                                 Case No: 8:22-cv-1091-CEH-JSS

JENNIFER LYNN SOLIN,

    Defendant/Respondent.
_____/

## **ORDER**

    Petitioner moves the court for an order authorizing service of process via email on Respondent, Respondent's employer or registered agent, and Respondent's attorney in Colombia. (Motion, Dkt. 48).[1] Upon consideration, the Motion is denied without prejudice.

    Petitioner and Respondent are the parents of a child born in the United States in 2013. (Dkt. 48 ¶ 1–2.) In 2014, the parents and child moved to Colombia. (*Id.* ¶ 2.) The parents divorced in 2016 but continued to reside, separately, in Colombia. (Dkt. 8 ¶ 9.) Custody and visitation of the child was initially determined by a custody plan implemented by the United States court that had adjudicated their divorce. (*Id.* ¶ 11.) Since 2019, a family court in Colombia has issued custody orders and parenting plans that have governed Petitioner's and Respondent's parental rights. (*Id.*) A

---

[1] At the time Petitioner filed the Motion, she was proceeding pro se. Petitioner is now represented by counsel. (Dkt. 56.)

parenting plan issued in April 2021 assigned primary residence of the child to Respondent Jennifer Solin, while Petitioner Luz Gonzalez retained visitation rights. (*Id.* ¶¶ 12-13.) This order was renewed in April 2022. (*Id.* ¶ 20.) Despite these orders, Petitioner states that she has not been permitted to have contact or visitation with the child since August 2021. (*Id.* ¶ 17.) In December 2021, Respondent traveled with the child to the United States and has not returned to Columbia. (*Id.* ¶ 19.) Petitioner believes Respondent and the child are residing within the Middle District of Florida. (*Id.* ¶¶ 19, 28, 38.) Petitioner contends Respondent has not complied with subsequent orders of the Colombian family court. (*Id.* ¶ 20.) Petitioner filed a Complaint and Petition for Return of the Child pursuant to the Hague Convention on May 10, 2022. (Dkt. 1.) That Complaint was dismissed without prejudice for, among other things, the failure to satisfy the requirements of federal and state law. (Dkts. 6, 7.) On May 26, 2022, Petitioner filed an Amended Complaint and Petition for Return of the Child that cured these defects. (Dkt. 8.) Since that time, Petitioner has been attempting to serve Respondent with the Petition (*id.*) and the district court's order on Petitioner's request for temporary injunctive relief (Dkt. 11). (Dkt. 48 at 2–10.)

Previously, Petitioner moved the court for an order authorizing alternate service of process on Respondent via electronic mail pursuant to Federal Rule of Civil Procedure 4(f)(3). (Dkt. 33.) This court denied that motion, noting that Rule 4(f)(3) is not applicable to the circumstances of this case based on the facts provided by Petitioner. *See* (Dkt. 38 at 3.) For the same reasons, Petitioner's instant Motion is due to be denied.

A district court may authorize alternate service on a foreign defendant, i.e., an individual who is in a foreign country, pursuant to Federal Rule of Civil Procedure 4(f)(3).  *Prewitt Enters., Inc. v. O.P.E.C.*, 353 F.3d 916, 921 (11th Cir. 2003); *see* Fed. R. Civ. P. 4(f) advisory committee's note to 1993 amendment.  Specifically, Rule 4(f)(3) provides that an individual "may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).

In the Motion, Petitioner describes the exhaustive efforts made by her and the United States Marshals Service to locate and serve Respondent in the United States. (Dkt. 48).  Nevertheless, Rule 4(f)(3) "sets forth the procedural requirements for effecting service upon individuals *in foreign countries*."  *TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 689 (S.D. Fla. Jan. 11, 2012) (emphasis added).  Petitioner does not allege that Respondent is in a foreign country, in other words "at a place not within any judicial district of the United States."  Thus, alternate service pursuant to Rule 4(f)(3) is not applicable to the circumstances of this case.[2]  *See Sunscreen Mist Holdings, LLC v. Snappyscreen, Inc.*, No. 2:17-cv-132-FtM-99MRM, 2017 WL 11026834, at *3 (M.D. Fla. Aug. 17, 2017) (noting that Rule 4(f)(3) did not apply in an action that did

---

[2] As noted above, Petitioner brings this action pursuant to the Hague Convention. (Dkt. 1.)  The Hague Convention established rules for when "there is occasion to transmit a judicial or extrajudicial document for service abroad."  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) (citation omitted).  These rules "simplify, standardize, and generally improve the process of serving documents abroad."  *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017) (citations omitted). However, Article 1 of the Hague Convention states that the "Convention shall not apply when the address of the person to be served . . . is not known." 451 Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361.  As Petitioner states that she does not know Respondent's address, the Hague Convention does not apply to her attempts to effectuate service.

"not deal with service of an individual in a foreign country"); *Warman v. U Drive, LLC*, No. 3:13-1443, 2015 WL 13845310, at *1 (M.D. Tenn. Jan. 16, 2015) (denying request for service via Rule 4(f)(3) where record failed to indicate that any of the defendants were located in a foreign country). Accordingly, Plaintiff/Petitioner's Motion for Service by Electronic Mail (Dkt. 48) is **DENIED without prejudice**.

To the extent Petitioner seeks to serve process on Respondent located within the United States, Rule 4(e) of the Federal Rules of Civil Procedure allows a plaintiff to serve a defendant within "a judicial district of the United States by . . . following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)[3]; *see Caballero v. Ejercito de Liberacion Nacional*, No. 1:18-cv-25337-KMM, 2019

---

[3] Fed. R. Civ. P. 4(e) provides in full:

> Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

WL 11505370, at *5 (S.D. Fla. Nov. 21, 2019) ("Because the individual that Plaintiff seeks to serve is in a foreign country, service is specifically governed by Rule 4(f), which governs service of an individual in a foreign country; not Rule 4(e), which governs service of an individual within the United States and provides for the application of state law."). As such, Petitioner may look to Florida's service statutes for guidance on how to properly effectuate service on Respondent and/or her employer or registered agent. *See, e.g.*, Fla. Stat. § 48.031(1)(b)[4], 48.161(3)[5].[6] To the extent Petitioner seeks to effectuate service pursuant to Rule 4(e) or a Florida statute, she is reminded that she may not need to seek leave of court prior to effectuating such service. *See, e.g.*, *Nova Cas. Co. v. Just Beach Inn, LLC*, No. 13-60911-CIV-

---

[4] Fla. Stat. § 48.031(1)(b) provides:

> An employer, when contacted by an individual authorized to serve process, shall allow the authorized individual to serve an employee in a private area designated by the employer. An employer who fails to comply with this paragraph commits a noncriminal violation, punishable by a fine of up to $1,000.

[5] Fla. Stat. § 48.161(3) provides:

> When an individual or a business entity conceals its whereabouts, the party seeking to effectuate service, after exercising due diligence to locate and effectuate personal service, may use substituted service pursuant to subsection (1) in connection with any action in which the court has jurisdiction over such individual or business entity. The party seeking to effectuate service must also comply with subsection (2); however, a return receipt or other proof showing acceptance of receipt of the notice of service and a copy of the process by the concealed party need not be filed.

[6] These statutes are provided as examples of various ways to serve process under Florida law and are by no means an exhaustive list of methods to effectuate service. Moreover, the court does not endorse or suggest the use of any particular method for service.

ROSENBAUM/HUNT, 2013 WL 12086664, at *2 (S.D. Fla. June 27, 2013) (noting "that a party is not required to seek leave from the Court before obtaining substitute service").

**ORDERED** in Tampa, Florida, on May 17, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record